# EXHIBIT A
# Plaintiff's Amended Complaint, Stipulation and Order dated 10/1/20

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MONROE

TERESA ZAKARECKIS,　　　　　　　　　　　FILE NO.: 2020-142923-NO

　　　　　　　　　　　　　　　　　　　　　　HON. DANIEL S. WHITE

　　　　Plaintiff,　　　　　　　　　　　　AMENDED VERIFIED
　　　　　　　　　　　　　　　　　　　　　　COMPLAINT WITH JURY
　　　　　　　　　　　　　　　　　　　　　　DEMAND
vs.

AUTOZONE STORES, LLC, a Foreign Limited Liability Company
organized under the laws of the State of Nevada,
C/O Resident Agent: The Corporation Company,
40600 Ann Arbor Road East, Suite 201
Plymouth, MI 48170

　　　　Defendant,
_____/

Anthony R. Brescol (P64565)
Attorney for Plaintiff

　　BRESCOL & JANOS, PLC
　　8160 Secor Road
　　Lambertville, MI 48144
　　Telephone: (734)568-6006
　　Facsimile: (734) 568-6007
　　tonybrescol@yahoo.com
_____/

## COMMON ALLEGATIONS

1. This is an action for damages in excess of $25,000.00, exclusive of interest, costs and attorney's fees.

2. Plaintiff, Teresa Zakareckis, resides in the City of Temperance, County of Monroe, State of Michigan.

3. Defendant AUTOZONE STORES, LLC, a Foreign Limited Liability Company, organized under the laws of the State of Nevada and doing busines as AUTOZONE at 7425 Secor Road, Lambertville, MI 48144 in the County of Monroe, State of Michigan.

2

4. The Resident Agent is The Corporation Company, whose address is 40600 Ann Arbor Road East, Ste. 201, Plymouth, MI 48170.

5. Defendant AUTOZONE STORES, LLC shall be referred to as "AUTOZONE".

6. Plaintiff entered the AUTOZONE located at 7425 Secor Road, Lambertville, MI 48144, in the morning hours of January 19, 2019 to purchase a windshield wiper blade.

7. The weather conditions on January 19, 2019 were cold, there was snow on the ground, and it had been snowing on and off throughout the morning hours.

8. When Plaintiff entered the store, she thoroughly wiped her feet on the doormat and noted that the mat seemed dry considering the weather conditions outside. Plaintiff further noted that there was a "wet floor" sign off to the right, immediately adjacent to the entrance and exit doors. Plaintiff did not observe any moisture on the floor near the "wet floor" sign or anywhere in the immediate area.

9. As Plaintiff finished wiping her feet on the floormat, a store clerk asked her if she needed help finding anything. Plaintiff indicated she was shopping for a single windshield wiper blade. The clerk looked up the make and model of Plaintiff's vehicle and indicated she needed a 19-inch wiper blade.

10. Plaintiff began looking for the wiper blades and noticed a display of wiper blades set up at the end of one of the aisles. Plaintiff looked for a 19-inch blade in the small display, but could not find what she was looking for. Plaintiff then began looking for the main display of wiper blades in the store aisles.

11. Plaintiff located the main display of wiper blades and began traversing down the aisle towards the wiper blades. There was no "wet floor" sign located at the beginning, middle or end of the aisle, or anywhere near the display of wiper blades. As Plaintiff entered the aisle, she immediately began reviewing the wiper blade packages to find a 19-inch wiper blade. She continued to walk along the aisle and look at wiper blades, trying to find the correct size. At no point in time did she look down at the floor, because she was continuously looking for the correct wiper blade.

12. The wiper blades were displayed on a shelf and were stacked in three separate tiers. The size and price of each wiper blade were located at the top of the packaging. The size information was located approximately at Plaintiff's hip height on the lowest tier, at chest height at the middle tier and eye level at the highest tier. While still walking down the aisle looking at wiper blades, Plaintiff suddenly slipped on an accumulation of water, or some other transitory substance, and fell to the floor.

13. Plaintiff was injured when she slipped and fell on the water, or other transitory substance on the floor, in the windshield wiper aisle of the AUTOZONE store, located in Lambertville, Michigan.

14. On and prior to January 19, 2019, the Plaintiff, Teresa Zakareckis, was a resident in the City of Temperance, County of Monroe, State of Michigan.

15. On or about January 19, 2019, the Defendant, AUTOZONE, owned, operated, managed and/or maintained or had a duty to own, operate, manage and/or maintain, by and/or through its agents, servants and/or employees, a certain premise located at 7425 Secor Road, Lambertville, MI 48144.

16. At the aforesaid time and place, the Plaintiff, Teresa Zakareckis, was lawfully on said premises as a business invitee of AUTOZONE.

## COUNT I
## PREMISES LIABILITY

17. The Plaintiff re-alleges and reincorporates by reference the allegations in the previously numbered paragraphs.

18. Defendant AUTOZONE, by and through its agents, servants and/or employees, had a duty to use ordinary care to protect Plaintiff, as a business invitee, from conditions on its premises that presented unreasonable risks of harm, including allowing water or other transitory substances to accumulate on the aisle floors at said premises.

19. Defendant AUTOZONE, by and through its agents, servants and/or employees knew, or should have known, that there was water or other transitory substances, accumulating on the aisle floors at said premises and that the condition posed an unreasonable risk of harm.

20. AUTOZONE had actual notice that there was water or other transitory substances accumulating on the floors near the entrance and exit doors at said premises and that the condition posed an unreasonable risk of harm. This is evident by their placing a "wet floor" sign immediately adjacent to the front doors.

21. Special aspects of the position of the display shelves made the risk of harm unreasonably dangerous.

22. Defendant AUTZONE was in a position to anticipate that harm would occur to a customer searching for a particular item that was located on a display shelf at or around eye level.

23. Defendant AUTOZONE created an unrealistic expectation of safety for Plaintiff by placing a wet floor sign at the front of the store, but not in the aisleway, where wet floors were also likely to exist and customers were less likely to observe.

24. Plaintiff was lulled into a false sense of security in walking the aisleways of the store when she observed a "wet floor" sign at the front door, but not anywhere else in the store.

25. Defendant AUTOZONE breached its duty to protect Plaintiff from unreasonable risks of harm on its premises and thus was negligent in numerous ways, including the following:

4

    a. Improperly operated, managed, maintained and controlled its premises in failing to properly maintain the aforementioned aisles on the premises;
    b. Failed to provide slip guards and/or slip resistant surfaces in the aforementioned aisles of the premises for an unreasonable length of time.
    c. Failed to warn the Plaintiff and other persons lawfully on said premises of the dangerous aisle conditions, and not just the dangerous front door conditions, when Defendant knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff.
    d. Failed to make a reasonable inspection of the aisles of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises.
    e. Allowed the aforementioned premises to remain in a dangerously slippery condition, making the aisles unfit for passage, for an unreasonable length of time.
    f. Failed to perform regular inspections of the aisles in a manner such as to avoid the creating of an unnatural accumulation of water and/or other transitory substances in the aisles.
    g. Failed to perform regular inspections of the aisles for water or other transitory substances in accordance with custom and practice in the industry resulting in water and other transitory substances accumulating unnaturally at the location of said accident.
    h. Was otherwise careless and negligent in the operation of its premises.

26. As a direct and proximate result of Defendant's breach of its duty to use ordinary care to protect Plaintiff, as an invitee, from unreasonable risks of harm on its premises, Plaintiff sustained serious personal injuries, including the following:
    a. Plaintiff's left knee suffered a transverse displaced comminuted patella fracture.

27. As a result of being injured on January 19, 2019, Plaintiff has sustained damages and will in the future sustain damages, including, but not limited to, the following:

    a. physical pain and suffering; mental anguish; fright and shock; denial of social pleasure and enjoyments; and embarrassment, humiliation, or mortification.
    b. disability, including the loss or impairment of her left knee and left leg.
    c. disfigurement of her left knee and leg from permanent scarring.
    d. an increase in pain and suffering and disability arising from aggravation of a preexisting ailment or condition.
    e. reasonable expenses for necessary medical care, treatment, and services
    f. loss of earning capacity.
    g. reasonable expenses for replacement services, lost wages, medical expenses, which have been required as a result of the injury.

    NOW THEREFORE, Plaintiff asks the court to award damages against Defendant in whatever amount Plaintiff is found to be entitled to, in excess of $25,000, plus interest, costs, and attorney fees.

## COUNT II
## ORDINARY NEGLIGENCE

28. The Plaintiff re-alleges and reincorporates by reference the allegations in the previously numbered paragraphs.

29. Defendant AUTOZONE, by and through its agents, servants and/or employees, had a duty to use reasonable care to warn and protect Plaintiff, as a business invitee, from the unreasonable risks of harm of allowing water or other transitory substances to accumulate on the aisle floors, which duties included the following:

    a. To display "wet floor" signs in more than one location, so not to cause Plaintiff and other patrons to believe that all other areas of the store were safe and dry.
    b. To provide slip guards and/or slip resistant surfaces in the aisles, when they knew or should have known that conditions existed that would require slip guards and/or slip resistant surfaces.
    c. Warn the Plaintiff and other persons of the dangerous aisle conditions, and not just the dangerous front door conditions, when Defendant knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff.
    d. To make a reasonable inspection of the aisles, when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and other patrons.
    e. To perform regular inspections of the aisles in a manner such as to avoid the creating of an unnatural accumulation of water and/or other transitory substances in the aisles.
    f. To perform regular inspections of the aisles for water or other transitory substances in accordance with custom and practice in the industry resulting in water and other transitory substances accumulating unnaturally at the location of said accident.
    g. To take any other steps to warn or protect patrons throughout the entire store and not just at the front doors, of dangerous conditions.

30. Defendant breached its duty to use reasonable care and thus was negligent in allowing water or other transitory substances to accumulate on the aisle floors, in numerous ways, including the following:

    a. Failing to display "wet floor" signs in more than one location, so not to cause Plaintiff and other patrons to believe that all other areas of the store were safe and dry.
    b. Failing to provide slip guards and/or slip resistant surfaces in the aisles, when they knew or should have known that conditions existed that would require slip guards and/or slip resistant surfaces.
    c. Failing to warn the Plaintiff and other persons of the dangerous aisle conditions, and not just the dangerous front door conditions, when Defendant knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff.

    d. Failing to make a reasonable inspection of the aisles, when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and other patrons.
    e. Failing to perform regular inspections of the aisles in a manner such as to avoid the creating of an unnatural accumulation of water and/or other transitory substances in the aisles.
    f. Failing to perform regular inspections of the aisles for water or other transitory substances in accordance with custom and practice in the industry resulting in water and other transitory substances accumulating unnaturally at the location of said accident.
    g. Failing to take any other steps to warn or protect patrons throughout the entire store and not just at the front doors, of dangerous conditions.

31. As a direct and proximate result of Defendant's breach of its duty to use reasonable care in in allowing water or other transitory substances to accumulate on the aisle floors, Plaintiff sustained serious personal injuries, including the following:

    a. Plaintiff's left knee suffered a transverse displaced comminuted patella fracture.

32. As a result of being injured on January 19, 2019, Plaintiff has sustained damages and will in the future sustain damages, including, but not limited to, the following:

    a. physical pain and suffering; mental anguish; fright and shock; denial of social pleasure and enjoyments; and embarrassment, humiliation, or mortification.
    b. disability, including the loss or impairment of her left knee and left leg.
    c. disfigurement of her left knee and leg from permanent scarring.
    d. an increase in pain and suffering and disability arising from aggravation of a preexisting ailment or condition.
    e. reasonable expenses for necessary medical care, treatment, and services.
    f. loss of earning capacity.
    g. reasonable expenses for replacement services, lost wages, medical expenses, which have been required as a result of the injury.

NOW THEREFORE, Plaintiff asks the court to award damages against Defendant in whatever amount Plaintiff is found to be entitled to, in excess of $25,000, plus interest, costs, and attorney fees.

## COUNT III
## STOREKEEPER'S NEGLIGENCE

33. The Plaintiff re-alleges and reincorporates by reference the allegations in the previously numbered paragraphs.

34. Defendant AUTOZONE, by and through its agents, servants and/or employees, had a duty as a storekeeper to provide reasonably safe aisles for customers and to protect Plaintiff and other patrons from unsafe conditions either caused by the active negligence of the storekeeper and its employees or, if otherwise caused, where known to the storekeeper or

is of such a character or has existed a sufficient length of time that the storekeeper should have had knowledge of it. *Carpenter v. Herpolsheimer's Co.* (1937), 278 Mich 697 (syllabus 1).

35. Defendant AUTOZONE, as the storekeeper, by and through its agents, servants and/or employees knew, or should have known, that there was water or other transitory substances accumulating on the aisle floors at said premises and that the condition posed an unreasonable risk of harm and that it had existed a sufficient length of time that the storekeeper should have had knowledge of it.

36. AUTOZONE, as the storekeeper, had actual notice that there was water or other transitory substances accumulating on the floors near the entrance and exit doors at said premises and that the condition posed an unreasonable risk of harm. This is evident by their placing a "wet floor" sign immediately adjacent to the front doors. As such, AUTOZONE was placed on notice that similar conditions were likely to exist elsewhere in the store and that said conditions posed an unreasonable risk of harm and that it had existed a sufficient length of time that the storekeeper should have had knowledge of it.

37. Plaintiff was lulled into a false sense of security in walking the aisleways of the store when she observed a "wet floor" sign at the front door, but not anywhere else in the store.

38. Defendant AUTOZONE, as the storekeeper, breached its duty as a storekeeper to provide reasonably safe aisles for customers and to protect Plaintiff and other patrons from unsafe aisle conditions and thus was negligent in numerous ways, including the following:

   a. Failing to display "wet floor" signs in more than one location, so not to cause Plaintiff and other patrons to believe that all other areas of the store were safe and dry.
   b. By purposefully setting up merchandise displays in the aisles, in a manner that create a continuous distraction to patrons, so their attention is directed at the merchandise and not at the surrounding areas.
   c. Failing to provide slip guards and/or slip resistant surfaces in the aisles, when they knew or should have known that conditions existed that would require slip guards and/or slip resistant surfaces.
   d. Failing to warn the Plaintiff and other persons of the dangerous aisle conditions, and not just the dangerous front door conditions, when Defendant knew or should have known in the exercise of ordinary care that said aisle warning was necessary to prevent injury to the Plaintiff.
   e. Failing to make a reasonable inspection of the aisles, when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and other patrons while occupying the aisles.
   f. Failing to perform regular inspections of the aisles in a manner such as to avoid the creating of an unnatural accumulation of water and/or other transitory substances in the aisles.
   g. Failing to perform regular inspections of the aisles for water or other transitory substances in accordance with custom and practice in the industry resulting in water

and other transitory substances accumulating unnaturally at the location of said accident in the aisle.
h. Failing to take any other steps to warn or protect patrons, while in an aisle, and not just at the front doors of dangerous conditions.

39. As a direct and proximate result of Defendant's breach of its storekeeper duty to provide reasonably safe aisles for customers and to protect Plaintiff and other patrons from unsafe condition, Plaintiff sustained serious personal injuries, including the following:

    a. Plaintiff's left knee suffered a transverse displaced comminuted patella fracture.

40. As a result of being injured on January 19, 2019, Plaintiff has sustained damages and will in the future sustain damages, including, but not limited to, the following:

    a. physical pain and suffering; mental anguish; fright and shock; denial of social pleasure and enjoyments; and embarrassment, humiliation, or mortification.
    b. disability, including the loss or impairment of her left knee and left leg.
    c. disfigurement of her left knee and leg from permanent scarring.
    d. an increase in pain and suffering and disability arising from aggravation of a preexisting ailment or condition.
    e. reasonable expenses for necessary medical care, treatment, and services.
    f. loss of earning capacity.
    g. reasonable expenses for replacement services, lost wages, medical expenses, which have been required as a result of the injury.

NOW THEREFORE, Plaintiff asks the court to award damages against Defendant in whatever amount Plaintiff is found to be entitled to in excess of $25,000, plus interest, costs, and attorney fees.

**[THIS SECTION IS INTENTIONALLY LEFT BLANK]**

I declare that the above information is true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

BRESCOL & JANOS, P.L.C.

Dated: 9/15/2020        By: _____
                            Teresa Zakareckis, Plaintiff

Dated: 9/15/2020        By: _____
                            Anthony R. Brescol (P-64565)
                            Attorney for Plaintiff

STATE OF MICHIGAN  )
                   ) ss.
COUNTY OF MONROE   )

On the 15th day of September, 2020, before me, a Notary Public, personally came the above-named, TERESA ZAKARECKIS, known by me, who made oath and has read the foregoing Verified Complaint, knows the contents therein, and acknowledges the signing thereof to be voluntary.

_____
Anthony R. Brescol, Notary Public
Monroe County, Michigan
My Commission Expires: 3/26/2021
Acting in Monroe County

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: 9/15/2020        By: _____
                            Anthony R. Brescol (P-64565)
                            Lisa D. Janos (P-68582)
                            Attorneys for Plaintiff

PREPARED BY:

Anthony R. Brescol (P-64565)
BRESCOL & JANOS, P.L.C.
8160 Secor Road
Lambertville, Michigan 48144
Telephone: (734) 568-6006

10



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MONROE

TERESA ZAKARECKIS,

    Plaintiff,

vs.

AUTOZONE STORES LLC,

    Defendant.

_____/

CASE NO. 2020-142923-NO

HON. DANIEL S. WHITE

STIPULATION AND ORDER

Anthony R. Brescol (P-64565)
Attorney for Plaintiff

    BRESCOL & JANOS, P.L.C.
    8160 Secor Road
    Lambertville, Michigan 48144
    Telephone: (734) 568-6006
    Facsimile: (734) 568-6007

_____/

Ridley Nimmo, II (P-54783)
Attorney for Defendant

    PLUNKETT COONEY
    111 E. Court St., Ste. 1B
    Flint, Michigan 48502-1698
    Telephone: (810) 342-7010
    Facsimile: (810) 232-3159

_____/

## STIPULATION AND ORDER

At a session of said Court held in the Courthouse in the City of Monroe in said County, State of Michigan, on the ___ day of _____, 2020

PRESENT: HONORABLE DANIEL S. WHITE, CIRCUIT COURT JUDGE

**BASED UPON THE FOLLOWING INFORMATION:**

1. Plaintiff named multiple Defendants to this action.
2. After diligent inquiry by counsel for Plaintiff and Defendant, it was determined that the proper Defendant should be AUTOZONE STORES LLC.
3. The parties agreed that Plaintiff should amend her complaint to name the proper party.
4. Plaintiff's amended complaint is being filed concomitantly with this Stipulation and Order.
5. This matter was dismissed for lack of service on September 22, 2020.

1

6. The parties agree that service was effectuated on one or more of the original defendants on May 5, 2020.
7. Counsel for Defendant acknowledges service of Plaintiff's First Amended Complaint.
8. Plaintiff and Defendant agree the following entities should be dismissed without prejudice and without costs.

    a. AUTOZONE, INC
    b. AZ INVESTORS, LLC
    c. AUTOZONE STORE #104329

**IT IS HEREBY STIPULATED AND ORDERED, THAT:**

1. Service of Plaintiff's original Summons and Complaint was effectuated on one or more of the original defendants on May 5, 2020.
2. Plaintiff is permitted to file an Amended Complaint naming AUTOZONE STORES LLC as the proper Defendant.
3. Defendant acknowledges service of Plaintiff's First Amended Complaint.
4. The following nonparty entities are hereby dismissed out of the pending case without prejudice and without costs:

    a. AUTOZONE, INC
    b. AZ INVESTORS, LLC
    c. AUTOZONE STORE #104329

5. The dismissal for lack of service shall be set aside and this matter shall be reinstated.

Presented for Signature: 10-1-2020

Daniel S. White, Circuit Court Judge, P-33070

I stipulate to the entry of the above order.
Notice and hearing of entry of it is waived.

Anthony R. Brescol (P-64565)
Attorney for Plaintiff

RIDLEY NIMMO
Ridley Nimmo, II (P-54783), signed by Anthony R. Brescol with permission.
Attorney for Defendant

PREPARED BY:

Anthony R. Brescol (P-64565)
Brescol & Janos, P.L.C.
8160 Secor Road
Lambertville, MI 48144
Telephone: (734) 568-6006



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MONROE

TERESA ZAKARECKIS,

          Plaintiff,

vs.

AUTOZONE STORES LLC,

          Defendant.
_____/

CASE NO. 2020-142923-NO

HON. DANIEL S. WHITE

PROOF OF SERVICE

Anthony R. Brescol (P-64565)
Attorney for Plaintiff

    BRESCOL & JANOS, P.L.C.
    8160 Secor Road
    Lambertville, Michigan 48144
    Telephone: (734) 568-6006
    Facsimile: (734) 568-6007
_____/

Ridley Nimmo, II (P-54783)
Attorney for Defendant

    PLUNKETT COONEY
    111 E. Court St., Ste. 1B
    Flint, Michigan 48502-1698
    Telephone: (810) 342-7010
    Facsimile: (810) 232-3159
_____/

## PROOF OF SERVICE

    The undersigned certifies that he caused two (2) True copies of a STIPULATION AND ORDER to be served upon Ridley S. Nimmo, II, Attorney for Defendant, whose address is 111 E. Court St., Ste 1B, Flint, Michigan 48502-1698, by placement of said pleading, instrument, document, or paper, in a sealed envelope for each person to be served, addressed to the person or persons to be served, and having inscribed therein the return address of Brescol & Janos, P.L.C., 8160 Secor Road, Lambertville, Michigan 48144, and causing said envelope or envelopes to be either mailed or delivered with contents included, to the person or persons to be served, at the above-stated address or addresses, on the 6th day of October, 2020.

    I declare that this Proof of Service has been examined by me and that the contents thereof are true to the best of my information, knowledge and belief.

                                                        Anthony R. Brescol (P-64565)
                                                        Attorney for Plaintiff